UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

**KEITH E. SMITH**  Case No: **8:14-bk-04202-MGW**

    Debtor.  Chapter 11

_____/

**KEITH E. SMITH,**

    Plaintiff,

vs.

**SMITH EQUIPMENT & SUPPLY CO.,**  Adv. Pro. No.:
a Florida corporation,

    Defendant

_____/

## VERIFIED COMPLAINT

Plaintiff, Keith E. Smith, Debtor and Debtor-in-Possession herein ("**Debtor**"), by his undersigned attorney, files this Verified Complaint against the above named Defendant, Smith Equipment & Supply Co., ("**Defendant Smith Equipment & Supply Co.**") and alleges as follows:

## JURISDICTION AND PARTIES

1. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and 11 U.S.C. §§547, and 550, seeking a judgment of this Court avoiding the fixing by Defendant Smith Equipment & Supply Co. of a certain alleged lien against certain property of the Debtor, as preferential transfer(s), and directing said Defendant to concede and turnover any asserted rights to

the Stock Certificates, certificated and/or uncertificated, described below, or the value of the same, pursuant to 11 U.S.C. §§541, 542 and 550; or to turn over the value of said property so transferred; and to otherwise determine the extent, validity and priority of any lien by Defendant Smith Equipment & Supply Co. may have against the Debtor's assets, including those described herein.

2. Jurisdiction of this Court is based upon 28 U.S.C. 157(b), and this matter is a core proceeding.

3. Debtor is the Chapter 11 Debtor in the above-referenced case, and is authorized to bring this adversary proceeding pursuant to Bankruptcy Code §323.

4. On April 16, 2014, a voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code was filed by the Debtor with this Court. The Debtor continues to act as a Debtor-in-Possession pursuant to Bankruptcy Code §§1107 and 1108.

5. Upon information and belief, Defendant Smith Equipment & Supply Co. is a corporation organized under the laws of the State of Florida on or as of July 31, 1974; and is engaged in the business of manufacture of industrial equipment, and is otherwise *sui juris*.

## FACTUAL CONTEXT

6. Prior to the commencement of this Chapter 11 case, Defendant Smith Equipment & Supply Co. commenced an action against the Debtor and others, in the Circuit Court for Polk County, Florida, captioned, *Smith Equipment & Supply Co. & Supply Company vs. Keith Smith, et al*, case no. 2011CA-000082-0000LK (hereafter the "**State Action**").

7. Within the context of the State Action, on or about November 4, 2011, a "*Stipulated Final Judgment Against* [Debtor] *Keith Smith, Kyle Smith and Krisnaram Jagmohan on Attorneys'*

*Fees and Costs"* (the "**Stipulated Judgment** ") was entered in favor of Defendant Smith Equipment & Supply Co., and against the Debtor and others. A photocopy of the Stipulated Judgment is attached hereto, incorporated herein, and marked Exhibit "A."

8. The Stipulated Judgment provides that the:

**"Defendants shall pay Plaintiff the sum of SIXTY-THREE THOUSAND ONE HUNDRED EIGHT-TWO and 10/100 ($63,182.10) for which let execution issue."**

9. The Stipulated Judgment did not regard or resolve the substantive issues of the underlying complaint, but rather resolved an attorneys' fees and costs claim in favor of counsel for the Defendant Smith Equipment & Supply Co. & Supply Company.

10. In an attempt to collect on the Stipulated Judgment, on or about January 22, 2013, Defendant Smith Equipment & Supply Co. caused the Clerk of the Court of the State Action to issue an Execution (the "First Execution"). A photocopy of the First Execution is attached hereto, incorporated herein, and marked Exhibit "B."

11. Pursuant to the First Execution, Instructions for Levy were given to the Sheriff of Polk County, Florida by the Defendant Smith Equipment & Supply Co., directing the Sheriff to levy on specific shares of stock owned by the Debtor in the Defendant Smith Equipment & Supply Co., more specifically described as:

"**Personal Property**

All shares of stock in Smith Equipment & Supply Company, a Florida corporation, including but not limited to the following stock certificates:

| Certificate Number | Issue Date | Number of Shares |
|---|---|---|
| 3 | Dec. 23, 1996 | 1 1/3 |
| 7 | Dec. 23, 1996 | 1 1/3 |
| 15 | Jan. 31, 1997 | 2 2/3 |

> together with any and all documentation evidencing Defendant KEITH SMITH's ownership in uncertificated shares of stock in Smith Equipment & Supply Company, a Florida corporation, including, but not limited to the following powers:
>
> | Date | Number of Shares |
> |---|---|
> | April 20, 1999 | 1 1/3 |
> | December 29, 2000 | 3/4 |
>
> in Defendent KEITH SMITH's possession, custody, or control, who resides at 1301 Timberidge Loop South, Lakeland, FL 33809, and whose place of employment is located at 12077 Bailey Road, Kathleen, FL 33849"

A photocopy of the January 31, 2013 Instructions for Levy, as incorporated by reference in the Defendant Smith Equipment & Supply Co.'s, Notice of Filing, is attached hereto, incorporated herein and marked Exhibit "C."

12. The First Execution was returned unsatisfied on or as of March 22, 2013. A photocopy of the Return of Service, is attached hereto, incorporated herein and marked Exhibit "D."

13. On or as of September 13, 2013, a hearing was held in the State Action. Only counsel for the Debtor appeared. As a result of the hearing, an *"Order Granting Plaintiff's Motion to Compel Proceedings Supplementary Against Judgment Debtor, Keith Smith"* was entered on October 3, 2013. Said Order is ambiguous in that it provides that:

> "a) Judgment debtor Keith Smith is ordered to surrender all rights, titles, and interests in his shares of Smith Equipment & Supply Company to satisfy the outstanding judgment in favor of Smith Equipment & Supply Company;"

and then immediately thereafter provides that:

> "b) The Court declares Keith Smith's shares lost and that Smith Equipment & Supply Company is hereby ordered to re-issue replacement certificates evidencing Keith Smith's ownership in Smith Equipment & Supply Company and provide said certificates to the Polk County Sheriff within ten

(10) days from the date of this Order so that said property may be auctioned and the proceeds applied to the satisfaction of the judgment debt."

A photocopy of the *"Order Granting Plaintiff's Motion to Compel Proceedings Supplementary Against Judgment Debtor, Keith Smith,"* together with the *"Plaintiff's Motion to Compel Proceedings Supplementary"* filed by Defendant Smith Equipment & Supply Co. and giving rise to the *Order* is attached hereto, incorporated herein and marked Composite Exhibit "E."

14. The Debtor did not attend the September 13, 2013, hearing in the State Action giving rise to the *"Order Granting Plaintiff's Motion to Compel Proceedings Supplementary Against Judgment."* Further, the Debtor did not consent to the Court's finding that *"The Court declares Keith Smith's shares lost."* From the Order and such portions of the State Action Record as are available, it does not appear that any witnesses appeared for the Debtor at the September 13, 2013 hearing. As a result, the Doctrine of Collateral Estoppel does not apply in this instance to support enforcement of the *"Order Granting Plaintiff's Motion to Compel Proceedings Supplementary Against Judgment Debtor, Keith Smith."* More simply put, there was never a clear-cut former adjudication on the merits in the State Action.

15. In a continued attempt to collect on the Stipulated Judgment, on or about April 14, 2014, Defendant Smith Equipment & Supply Co. caused the Clerk of the Court of the State Action to issue another Execution (the "**Second Execution**"). A photocopy of the Second Execution is attached hereto, incorporated herein, and marked Exhibit "F."

16. The Stipulated Judgment remains unsatisfied.

17. The Debtor remains in possession of his Stock Certificates in the Defendant Smith Equipment & Supply Co. referenced and described in the first Instructions for Levy, made pursuant

to the First Execution; and no known new Instructions for Levy have been made to the Sheriff of Polk County, pursuant to Second Execution.

18. The value of the Debtor's Stock in the Defendant Smith Equipment & Supply Co. (certificated and/or uncertificated) is unknown; however the Debtor has demanded information through his State Action counsel that would enable him to establish a value; and the Defendant has ignored Debtor's requests.

19. The Defendant Smith Equipment & Supply Co. has not filed a Proof of Claim in this case as of the filing date of this adversary proceeding. Upon information and belief, however, Defendant Smith Equipment & Supply Co. assert a claim against the Plaintiff in the principal amount of **at least $63,182.12.**

20. All conditions precedent to bringing this action have occurred or have been waived.

21. This is an adversary proceeding within the meaning of Rule 7001 of the Rules of Bankruptcy Procedure.

## COUNT I - PREFERENTIAL TRANSFER AND AVOIDANCE OF LIEN

22. The Debtor repeats and re-alleges the allegations contained in paragraphs "1" through "21" inclusive, as if more fully set forth at length herein.

23. To the extent that the Defendant argues that the Second Execution created a lien on the Debtor's Stock and/other ownership interest(s) in the Defendant Smith Equipment & Supply Co., said Second Execution was issued by the Clerk of the Court in the State Action within ninety (90) days of the commencement of this Chapter 11 case.

24. Under Florida law, Section 678.317, Florida Statutes deals exclusively with stock

and control the method by which a creditor can perfected a lien on stock in any event. In this case, and because the Sheriff of Polk County had not actually seized the Stock in the Defendant Smith Equipment & Supply, Co. as Section 678.317 requires, the Defendant's lien, if any, is unperfected and therefore avoidable in the Debtor's bankruptcy. A judgment creditor may reach a debtor's interest in a certificated security only by actually seizing the certificate, or by serving process on the issuer of an uncertificated security. As such, the Defendant could not have obtained an interest in that Stock by filing a judgment lien certificate or by having the Clerk issue an Execution.

25. To the extent that any judgment lien certificate or the April 14, 2014 Execution could have created a judgment lien on the Debtor's interest in Stock, it would be an unperfected judgment lien subject to avoidance pursuant to 11 U.S.C. § 544(a).

26. The creation of a lien, which otherwise establishes a secured interest in property of the Debtor, with respect to an otherwise unsecured debt, such as the debt created by the Judgment, is a "transfer" for purposes of Bankruptcy Code §547.

27. Any lien created resulting from the Stipulated Judgment was effectuated by Defendant Smith Equipment & Supply Co. on account of an antecedent debt owed by the Debtor before said transfer was made.

28. Any lien created resulting from the Stipulated Judgment was effectuated by the Defendant Smith Equipment & Supply Co. while the Debtor was insolvent.

29. Any lien created resulting from the Stipulated Judgment was for the benefit of the Defendant Smith Equipment & Supply Co..

30. Any lien created resulting from the Stipulated Judgment will enable Defendant Smith Equipment & Supply Co. to recover more than Defendant Smith Equipment & Supply Co.

would receive as a creditor, if the lien was not created and Defendant Smith Equipment & Supply Co. received payment on the Stipulated Judgment to the extent provided by the provisions of Title 11, U.S.C.

31. Any lien created resulting from the Stipulated Judgment is a transfer that is avoidable as a preference under Bankruptcy Code § 547, and said Defendant Smith Equipment & Supply Co. or should concede and turnover the any asserted rights to the Stock Certificates (certificated or uncertificated), or the value of the same, pursuant to 11 U.S.C. § 550.

32. The creditors of the Debtor have been damaged as a direct and proximate result of the preferential transfers described above and will continue to be damaged in the future.

WHEREFORE, Plaintiff-Debtor, Keith E. Smith, demands judgment against Defendant, Smith Equipment & Supply Co.:

a. avoiding the lien, if any, created by the Execution or other action in the State Action as a preference;

b. directing said Defendant to concede and turnover any asserted rights to the Stock Certificates, certificated and/or uncertificated, described herein; or the value of the same as finally determined by this Court, pursuant to 11 U.S.C. §§541, 542 and 550;

c. and to enter a judgment accordingly against the Defendant, plus interest, costs and disbursements in this action, reasonable attorney fees, and such other and further relief as this Court deems just and proper.

## COUNT II - TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF ANY ALLEGED LIEN OF DEFENDANT; AND TO DETERMINE AMOUNT OF "SECURED" CLAIM OF DEFENDANT

33. The Debtor repeats and re-alleges the allegations contained in paragraphs "1" through "21" inclusive, as if more fully set forth at length herein.

34. The Stipulated Judgment, First or Second Executions, and, to the extent there is a judgment lien certificate, do not create a lien on the Debtor's Stock Certificates, certificated and/or uncertificated in the Defendant Smith Equipment & Supply Co.

35. As a result of the foregoing, this Court must determine that the Defendant Smith Equipment & Supply Co. can be entitled to no more than an unsecured claim in the Debtor's Chapter 11 case; and that the Defendant Smith Equipment & Supply Co. has no lien on the Debtor's Stock Certificates, certificated and/or uncertificated.

WHEREFORE the Plaintiff-Debtor, Keith E. Smith, demands judgment against Defendant, Smith Equipment & Supply Co.:

a. Determining the validity and extent of any security interest(s) of Defendant Smith Equipment & Supply Co. in the property described herein; and

b. In the event this Court determines that Defendant Smith Equipment & Supply Co. has a lien on the Debtor's Stock Certificates, certificated and/or uncertificated, this Court should determine the extent of the lien pursuant to 11 U.S.C. §506(d) and other applicable law only after valuing the Debtor's Stock Certificates, certificated and/or uncertificated;

c. Any further relief this Court may deem just and proper.

Dated: <u>April 24, 2014.</u>                    Respectfully submitted,

                                                 /s/ Matthew J. Kovschak
                                                 **MATTHEW J. KOVSCHAK, ESQUIRE**
                                                 *Of Counsel*
                                                 Sutton Law Firm
                                                 *The Mann Manor*
                                                 325 West Main Street
                                                 Bartow, FL 33830
                                                 Florida Bar No: 0818682
                                                 (863) 533-8912
                                                 Attorney for Plaintiff-Debtor
                                                 E-Mail: mjkovschak@aol.com

## VERIFICATION AND ACKNOWLEDGMENT

STATE OF FLORIDA

COUNTY OF POLK

I, Keith E. Smith, hereby verify and declare under penalty of perjury pursuant to the laws of the United States of America that the factual allegations contained in the foregoing *"Verified Complaint"* are true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KEITH E. SMITH, Affiant

This acknowledgment was made by the Affiant, Keith E. Smith, upon presentation of "satisfactory evidence" that the Affiant is the individual who is described in and who is executing the instrument. At the time of this execution, I did not have any information, evidence, or know of other circumstances which would lead a reasonable person to believe that the Affiant is not the person he claims to be. In addition, I received the following form of identification: a Driver's License issued by the Department of Highway Safety and Motor Vehicles issued within the past 5 years, __X__ Driver's License No.: [S530-505-56-379-0] or, [____] alternatively, the Affiant is personally known to me.

SWORN TO before me this 28th day of April, 2014.

Dawn M. Adams
Signature, Notary Public

Dawn M. Adams
Typed, Printed or Stamped Name of
Notary Public as Commissioned
My Commission Expires

(SEAL)

DAWN M. ADAMS
Notary Public - State of Florida
My Comm. Expires Feb 22, 2018
Commission # FF 066033
Bonded Through National Notary Assn.

Page 10 of 10